**Ruben TAMRAZYAN, Petitioner,**

**v.**

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 11-70192**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 19, 2017

Sassoun Nalbandian, Attorney, Nalbandian Law, A Professional Corporation, Glendale, CA, for Petitioner

OIL, Lisa Morinelli, Attorney, DOJ— U.S. Department of Justice, Civil Divi-

sion/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Ruben Tamrazyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

Tamrazyan's contention that the BIA erroneously concluded it lacked authority to reopen sua sponte is not supported by the record, where the BIA cited to *Matter of Compean*, 25 I. & N. Dec. 1 (AG 2009), indicating that it had the discretion to consider ineffective assistance of counsel claims based on conduct that occurred after a final order of removal. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision). To the extent Tamrazyan challenges the BIA's decision not to exercise its discretion, we lack jurisdiction to review that determination. *See Bonilla*, 840 F.3d at 588 (court has jurisdiction to review BIA decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning for legal or constitu-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

tional error; the court has no jurisdiction to review a sua sponte determination made against the correct legal background).

We deny Tamrazyan's request to recall the mandate and reinstate his prior petition for review, *Tamrazyan v. Holder*, Case No. 07-71144, where he does not demonstrate extraordinary circumstances to warrant exercise of our sua sponte authority. *See Calderon v. Thompson*, 523 U.S. 538, 549-50, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (power to recall a mandate can be exercised only in extraordinary circumstances); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) (declining to recall a mandate where there was no claim that the prior decision was erroneous, but to present new claims).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.